IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JUDY EVELAND, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | * | No. 3:16-cv-00141-JJV |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, Judy Eveland, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-six years old at the time of the administrative hearing. (Tr. 113.) Ms. Eveland testified she went to the tenth grade in school, earned her general equivalence diploma, and

attended vocational technical school for one year.  (*Id.*)

Plaintiff alleges she is disabled due to a combination of impairments.  The ALJ[1] first found Ms. Eveland had not engaged in substantial gainful activity since September 28, 2011 – the alleged onset date.  (Tr. 91.)  She has "severe" impairments in the form of status post left knee fracture, degenerative disc disease, and obesity.  (*Id.*)  The ALJ further found Ms. Eveland did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2]  (Tr. 93-94.)

The ALJ determined Ms. Eveland had the residual functional capacity to perform a slightly reduced range of medium work.  (Tr. 94.)  Utilizing the services of a vocational expert (Tr. 127-131), he determined Ms. Eveland could perform her past work as a machine operator.  (Tr. 100.)  Accordingly, the ALJ determined Ms. Eveland was not disabled.  (*Id.*)

In support of her Complaint, Plaintiff argues the ALJ erred by determining she was capable of performing medium work.  (Doc. No. 13 at 13-14.)  The ALJ assessed that Ms. Eveland has the residual functional capacity to perform medium work, except, "She is limited to unskilled work where personal contact is routine, but superficial, the complexity of tasks can be learned by experience and involve several variable; she can use judgment within limits, and the supervision is little for routine tasks, but detailed for non-routine tasks."  (Tr. 94.)

Plaintiff argues, "The ALJ's finding is inconsistent with the opinion given by Dr. Troxel, who examined Eveland in December 2013 at the request of the agency.  Dr. Troxel is the only doctor to examine Eveland and give an opinion regarding her work-related limitations."  (Doc. No. 13 at 13.)  Plaintiff relies on the general physical examination performed by Roger L. Troxel, M.D.  (Tr. 596-600.)  Plaintiff says, "Dr. Troxel indicated that Eveland has significantly decreased ability to

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

walk, stand, lift, and carry." (Doc. No. 13 at 14.) The ALJ gave "partial weight" to Dr. Troxel's report in this regard because Ms. Eveland was wearing a cast from a recent surgery. (Tr. 99.) Importantly, the ALJ stated, "Dr. Troxel's opinion regarding the claimant's capabilities appears to have been proper at the time of his examination, however, as noted by Dr. Troxel himself, the claimant's condition improved as expected." (*Id.*)

Given a close review of the record as a whole, I am unable to find reversible error here. While Plaintiff makes a fair argument that the ALJ's conclusion still fails to address "her significant limitation in *lifting*," I find substantial evidence to support of the ALJ's conclusion that Ms. Eveland could perform medium work. And as the Commissioner points out, Plaintiff's own testimony fails to support her argument on this point. Ms. Eveland testified she had stopped working because she was laid off and received unemployment until it "ran out." (Tr. 116.) *See Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991) (Applying for unemployment benefits is one factor an ALJ can consider when determining whether a claimant is able to work, and can be used, along with other evidence, to weigh the claimant's credibility.)

The ALJ properly determined Plaintiff could perform a reduced range of medium work. He made adjustments to her residual functional capacity that fairly captured her documented limitations. The overall evidence of record supports the ALJ's conclusion that Plaintiff is capable of performing work at this exertional level. While Plaintiff takes issue with this finding, I find no reversible error in the ALJ's assessment.

Plaintiff also argues the ALJ incorrectly concluded her depression and chronic headaches were not "severe" impairments. (Doc. No. 13 at 12-13.) If these impairments were considered to be "severe," they would, by definition, limit Plaintiff's ability to perform basic work activities. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040,

1043 (8th Cir. 2007).  To the contrary, a non-severe impairment is defined as:

>   (a)   *Non-severe impairment(s).*   An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>   (b)   *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
>      (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>      (2)  Capacities for seeing, hearing, and speaking;
>      (3)  Understanding, carrying out, and remembering simple instructions;
>      (4)  Use of judgment;
>      (5)   Responding appropriately to supervision, co-workers and usual work situations; and
>      (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

In this case, I conclude Plaintiff's depression and headaches do not amount to "severe" impairments.  First, as the Commissioner points out, a diagnosis does not necessarily mean the impairment is "severe."  Moreover, there is no medical evidence showing any significant limitation therefrom.

Plaintiff is reminded she had the burden of proving her disability.  Thus, she bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson*, 402 U.S. at 401; *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff clearly has some limitations.  But the overall medical evidence provides substantial support for the ALJ's determination that she could perform work at the medium exertional level.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 10th day of November, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE